

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE MATTER OF:

Joseph Giannini

CV 11 80 167MISC

JW

/

### ORDER REJECTING SUBMISSION

Presently before the Court is a Complaint received by the Northern District of California on July 12, 2011, submitted by Joseph Giannini ("Giannini"). Giannini submits the present putative class action on behalf of his clients, to challenge the constitutionality of the bar admission requirements for the practice of law in the state of California. (Complaint ¶ 1.) On March 3, 1999, Judge Illston ordered Giannini enjoined from:

> filing any further actions, either as an attorney or a party, in the United States District Court for the Northern District of California, regarding admission to and the regulation of the practice of law in the State of California without first obtaining leave of the Chief Judge of this court.

Paciulan v. George, 38 F. Supp. 2d 1128, 1147 (N.D. Cal. 1999). Further, Judge Illston required that any new filings must include a declaration stating: (1) that the matters asserted in the filing have not been previously raised by Giannini and dismissed; (2) that the filing does not pertain to matters that are frivolous or made in bad faith; and (3) that Giannini conducted a reasonable investigation of the facts and can attest to their accuracy. Id.

Upon review, the Court finds that, contrary to Giannini's declaration, Giannini's submission asserts an identical constitutional challenge to the California State Bar Exam grading and administration, as was asserted by Giannini, dismissed by Judge Weigel of the Central District of California and affirmed in dismissal by the Ninth Circuit in 1990. Giannini v. Real, 911 F.2d 354 (9th Cir. 1990).[1] Further, Giannini's filing fails to put forth any intervening change in law on which to justify relitigation of the issue.[2] Accordingly, the Court DECLINES to file Giannini's Complaint for failure to comply with the provisions of the pre-filing order. In light of this Order, the Clerk of Court shall refuse the July 12 submission and return any fees tendered in relation to this submission.[3]

Dated: July 14, 2011

JAMES WARE
United States District Chief Judge

---

[1] Giannini's contention that his new Complaint does not present an "identical constitutional challenge" as was presented by his earlier Complaint, inasmuch as the new Complaint features different plaintiffs who were not named in his earlier Complaint, is misguided. (Application for Leave to File Complaint ¶¶ 5-6.) The fact that different plaintiffs may be named in the new Complaint does not obviate the fact that the legal challenge *brought on behalf of those* plaintiffs is identical to that brought in the earlier Complaint.

[2] Giannini's contention that the Ninth Circuit's decision in Giannini v. Real is "no longer good law" because of the Supreme Court's decision in Hillside Dairy Inc. v. Lyons misstates the law. (Application for Leave to File Complaint ¶ 7.) In Hillside Dairy, the Supreme Court held that a California program regulating the minimum prices paid to "dairy farmers producing raw milk" was not "immunized" from a negative Commerce Clause challenge by Section 144 of the Federal Agricultural Improvement and Reform Act of 1996. 539 U.S. 59, 61-66 (2003). The Supreme Court's holding in Hillside Dairy does not implicate the Ninth Circuit's decision in Giannini v. Real, which remains good law. See, e.g., Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815, 834 n.12 (2009) (explaining that Giannini v. Real outlines "reasons for requiring bar applicants to a federal district court in California to be a member in good standing of the California Bar").

[3] The Court notes that this is the second time in the past two weeks that it has rejected the identical Complaint from Giannini. Further attempts to file the same Complaint may result in sanctions.

2

THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:

Joseph Robert Giannini
925 S. Westgate Ave. #102
Los Angeles, CA 90049

Dated:  July 14, 2011                                    Richard W. Wieking, Clerk

                                                         By:    /s/ JW Chambers
                                                                Susan Imbriani
                                                                Courtroom Deputy